**WO** MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Raymond Ruelas,           )<br>                                          )<br>            Petitioner,              )<br>                                          )<br>vs.                                       )<br>                                          )<br>Charles Ryan, et al.,              )<br>                                          )<br>            Respondents.         )<br>_____) | No. CV 10-2058-PHX-JAT (MEA)<br><br>**ORDER** |

Petitioner John Raymond Ruelas, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), a Supplemental Brief in Support of his Petition for Habeas Corpus (Doc. 3), a Motion for Appointment of Counsel (Doc. 4), an Application to Proceed *In Forma Pauperis* (Doc. 5), and a Motion to Release (Doc. 6). The Court will grant the Application to Proceed, require an answer to the Petition, and deny the Motion for Appointment of Counsel and Motion to Release.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

. . . .

**TERMPSREF**

## II.     Petition

Petitioner was convicted in Maricopa County Superior Court, case #CR-1990-013482, of one count of kidnaping, three counts of sexual assault, one count of robbery, and one count of aggravated assault. He was sentenced to 28-year terms of imprisonment for the kidnaping, robbery, and sexual assaults, and a 20-year term of imprisonment for the aggravated assault conviction, all six sentences to be served consecutively. In his Petition, Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises four grounds for relief. In Ground One, he claims he was denied the right to the effective assistance of trial and appellate counsel. In Ground Two, he alleges that he was denied his right to due process, asserting that he was denied an evidentiary hearing, there was an unreasonable determination of the facts, and there was interference with his right to appeal. In Ground Three, Petitioner contends that his Sixth Amendment right to a trial by jury was violated by the trial court's imposition of the sentences, that the prohibition against double punishment was violated, and that he was denied his due process right to notice. In Ground Four, Petitioner alleges a violation of the prohibition against double punishment.

Petitioner contends that he has presented all of these issues to the Arizona Court of Appeals and the issues in Grounds One and Two to the Arizona Supreme Court. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

## III.    Motion for Appointment of Counsel

Petitioner seeks counsel pursuant to 18 U.S.C. § 3006A and Rule 6 of the Rules Governing Section 2254 Cases.

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Petitioner has not made the necessary

TERMPSREF                                               - 2 -

1 showing for appointment of counsel at this time, and, therefore, his Motion for Appointment
2 of Counsel will be denied without prejudice.

3 In addition, although Petitioner alleges that counsel is necessary "to make pre-hearing
4 discovery meaningful," he has not sought to conduct discovery. This ground for appointing
5 counsel, therefore, is premature.

6 If, at a later date, the Court determines that counsel is necessary for effective
7 discovery or that an evidentiary hearing is required, counsel will be appointed in accordance
8 with Rules 6(a) and 8(c) of the Rules Governing Section 2254.

9 **IV.   Motion to Release**

10 Petitioner requests that the Court "stay the further execution of sentences . . . and
11 order his release upon his own recognizance." He contends that there are "reasonable
12 grounds to believe that the sentences imposed may be reversed" and that his Petition is
13 "based upon illegal imposition of sentences."

14 It is unclear whether this Court has the authority to release a state prisoner pending
15 the resolution of a habeas proceeding. See In re Roe, 257 F.3d 1077, 1079-80 (9th Cir.
16 2001). Even if this Court does have that authority, such release is "reserved for extraordinary
17 cases involving special circumstances or a high probably of success." Land v. Deeds, 878
18 F.2d 318, 318 (9th Cir. 1989); see also In re Roe, 257 F.3d at 1080. Petitioner has not
19 demonstrated that he is entitled to release under this standard and, therefore, the Court will
20 deny the Motion to Release.

21 **V.   Warnings**

22 **A.   Address Changes**

23 Petitioner must file and serve a notice of a change of address in accordance with Rule
24 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
25 relief with a notice of change of address. Failure to comply may result in dismissal of this
26 action.

27 . . . .

28 . . . .

**B.     Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Petitioner's Motion for Appointment of Counsel (Doc. 4) is **denied**.

(2)     Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 5) is **granted**.

(3)     Petitioner's Motion to Release (Doc. 6) is **denied**.

(4)     The Clerk of Court must serve a copy of the Petition (Doc. 1), the Supplemental Brief in Support of his Petition for Habeas Corpus (Doc. 3), and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(5)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

1  (6)  Petitioner may file a reply within 30 days from the date of service of the answer.

2  (7)  This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 5th day of October, 2010.

James A. Teilborg
United States District Judge

TERMPSREF

- 5 -