1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8    JOHN RAYMOND RUELAS,              )
                                       )
9            Petitioner,               )   CIV 10-02058 PHX JAT (MEA)
                                       )
10           v.                        )   REPORT AND RECOMMENDATION
                                       )
11   CHARLES L. RYAN,                  )
     ARIZONA ATTORNEY GENERAL,         )
12                                     )
             Respondents.             )
13                                     )
     _____ )
14

15   TO THE HONORABLE JAMES A. TEILBORG:

16           On or about September 17, 2010, Petitioner filed a *pro

17   se* petition seeking a writ of habeas corpus pursuant to 28

18   U.S.C. § 2254. Respondents filed an Answer to Petition for Writ

19   of Habeas Corpus ("Answer") (Doc. 12) on November 16, 2010.

20   Respondents contend the action for habeas relief should be

21   denied and dismissed because Petitioner failed to file his

22   action within the applicable statute of limitations. Petitioner

23   filed a reply (Doc. 15) to the answer to his petition on January

24   26, 2011.

25           **I Procedural History**

26           On June 5, 1991, a jury found Petitioner guilty on one

27   count of kidnapping (Count 1), three counts of sexual assault

28   (Counts 2, 3, and 4), one count of armed robbery (Count 5), and

one count of aggravated assault (Count 6).  See Answer, Exh. A & Exh. B.  The jurors also found that Petitioner had previously been convicted of two felony offenses.  Id., Exh. A.  Petitioner was sentenced to aggravated, consecutive terms of 28 years imprisonment on Counts 1, 2, 3, 4, and 5, and a consecutive term of 20 years imprisonment on Count 6; the aggregate sentence imposed is 160 years imprisonment.  Id., Exh. A at 27-29 & Exh. B at 5.

Petitioner took a direct appeal of his convictions and sentences.  Id., Exh. B.  Petitioner's appointed appellate counsel initially filed an opening brief pursuant to Anders v. California, averring he could find no meritorious issues to raise on Petitioner's behalf.  See id., Exh. B.  Petitioner then retained counsel to file a supplemental brief on appeal.  In his direct appeal Petitioner asserted that: (1) his right due process was violated by a physician's failure to adequately collect evidence from the victim; (2) the sentences for kidnapping and armed robbery could not properly be imposed as consecutive sentences; (3) the consecutive sentences imposed for multiple counts of sexual assault violated Petitioner's right to double jeopardy.  See id., Exh. C.

In a lengthy memorandum decision issued November 18, 1993, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences.  See Doc. 3, App. H.  Petitioner did not seek review of the Arizona Court of Appeals' decision by the Arizona Supreme Court and the appellate court's mandate issued on February 28, 1994.  Id., App. H.

Petitioner initiated an action seeking state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure on February 9, 2007. See Answer, Exh. D. The Maricopa County Superior Court found that the petition was not time-barred under Arizona law and appointed counsel to represent Petitioner in the post-conviction relief proceedings. See id., Exh. E. Petitioner's appointed counsel informed the court that he had reviewed the record and could find no viable claims to raise on Petitioner's behalf. See id., Exh. F.

On August 20, 2007, Petitioner filed a pro per petition for post-conviction relief arguing that his sentences were illegal and that he was denied his right to the effective assistance of counsel. See id., Exh. G. On November 5, 2007, the trial court issued an order summarily dismissing Petitioner's Rule 32 action, finding the claims raised precluded and, alternatively, meritless. See Doc. 3, App. O. Inter alia, the state court determined that the issues Petitioner had asserted should have been raised in his direct appeal were all without merit and, accordingly, that Petitioner's ineffective assistance of appellate counsel claims were not only waived and precluded, but also without merit.

Petitioner sought review of this decision by the Arizona Court of Appeals, which declined review in a decision issued October 28, 2008. See id., App. R. Petitioner sought review by the Arizona Supreme Court, which denied review on April 7, 2009. See id., App. T. The United States Supreme Court denied certiorari on October 5, 2009. Id., App. V.

-3-

Petitioner initiated a second action seeking post-conviction relief on June 9, 2009, seeking only the correction of his sentences. See id., App. W. On November 9, 2009, the state trial court summarily dismissed the petition, finding it time-barred. See id., App. X. The state trial court also noted that, to the extent Petitioner was claimed he was entitled to relief pursuant to the United States Supreme Court's decision in Blakely v. Washington, Blakely was not retroactively applicable to cases that were final when it was decided in 2004, such as Petitioner's case.

In his federal habeas action filed September 17, 2010, Petitioner contends he is entitled to relief because: (1) he was denied his right to the effective assistance of trial and appellate counsel; (2) the state court denied his right to due process of law by denying him an evidentiary hearing in state court; because of unreasonable determination of facts by the state courts; and because the state courts denied his "right to appeal;" (3) he was denied his Sixth Amendment "right to trial by jury" in "imposing sentencings, and/or punishments; right against double punishment; due process right to notice"; and (4) his sentences violate his right to be free of double punishment.

**II Analysis**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state

-4-

convictions.  <u>See</u>, <u>e.g.</u>, <u>Espinoza Matthews v. California</u>, 432 F.3d 1021, 1025 (9th Cir. 2005); <u>Lott v. Mueller</u>, 304 F.3d 918, 920 (9th Cir. 2002).  Additionally, the AEDPA required state prisoners whose convictions became final before April 24, 1996, to file their petitions for habeas corpus relief from those convictions by April 25, 1997.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).  The running of this one-year statute of limitations on habeas petitions for state convictions which became final before April 24, 1996, was suspended during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending" in any state court. 28 U.S.C. § 2244(d)(2).  <u>See also</u> <u>Artuz v. Bennet</u>, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); <u>Harris v. Carter</u>, 515 F.3d 1051, 1053 (9th Cir. 2008); <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327-28 (4th Cir. 2000).

Petitioner's conviction and sentence became final in 1994, at the conclusion of his direct appeal.  <u>See</u>, <u>e.g.</u>, <u>Zepeda v. Walker</u>, 581 F.3d 1013, 1016 (9th Cir. 2009).  Petitioner's conviction became final prior to the effective date of the AEDPA.  Accordingly, Petitioner had until April 25, 1997, to file a federal petition for habeas relief regarding his convictions.

Petitioner did not file a federal habeas action prior to expiration of the statute of limitations on April 25, 1997. Petitioner's filing of an action pursuant to Rule 32, Arizona Rules of Criminal Procedure, on May 22, 1997, could not and did

not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

In reply to the answer filed by Respondents, Petitioner asserts that he was sentenced based on aggravating factors not found in the indictment. Petitioner contends that the presence of an accomplice could not properly be used as an aggravating factor because the other perpetrator was not charged. Petitioner asserts that his trial and appellate counsel were unconstitutionally ineffective. Petitioner contends that he diligently pursued post-conviction relief and that extraordinary circumstances prevented him from "developing, researching, and advancing his claims because of the denial of legal access to materials, research, rules and procedures, by the Arizona Department of Corrections..."

Petitioner is not entitled to the equitable tolling of the statute of limitations. "Although the statute of limitations is subject to equitable tolling," Holland v. Florida, 130 S. Ct. 2549, 2560 (2010), to receive equitable tolling a petitioner must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005); Waldron-Ramsey v. Pacholke, 556 F.3d 1008,

1011-14 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009). Additionally, the actual innocence gateway through which unexhausted claims may be considered is not available to a petitioner whose section 2254 petition is otherwise barred by the AEDPA's limitations period.  See Lee v. Lampert, 610 F.3d 1125, 1136 (9th Cir. 2010) (reversing and remanding to dismiss habeas petition as untimely upon concluding "there is no 'actual innocence' exception to the one-year statute of limitations for filing an original petition for habeas corpus relief").

   Equitable tolling is to be rarely granted.  See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000).   The threshold necessary to trigger equitable tolling "is very high, lest the exceptions swallow the rule." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).   It is Petitioner's burden to establish that equitable tolling is warranted in his case.  See Espinoza Matthews, 432 F.3d at 1026; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006).  Petitioner must establish a causal connection between the alleged roadblock to his timely filing of their federal habeas petition and the actual failure to file the petition on time.  See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005).

   Equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a

petition on time.  See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Gaston, 417 F.3d at 1034.  Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action.  See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary."  See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll."  Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000).  See also Chaffer, 592 F.3d at 1049; Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Ineffective assistance of counsel may constitute an extraordinary circumstance with regard to equitable tolling of the statute of limitations, but "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling."  Holland, 130 S. Ct. at 2564 (internal citations omitted).  Alleged errors by a petitioner's appellate counsel

which frustrate the petitioner's efforts to file timely state actions for post-conviction relief do not per se constitute an "extraordinary circumstance" warranting equitable tolling.  See Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir.), cert. denied sub nom., Randle v. Skolnik, 131 S. Ct. 474 (2010); Ford v. Pliler, 590 F.3d 782, 790 (9th Cir. 2009); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).

Petitioner contends that the repeated ineffective assistance of his attorneys constitutes extraordinary circumstances.  Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time."  Porter, 620 F.3d at 959.  It is not sufficient that counsel was negligent; only representation that meets "the extraordinary misconduct standard can be a basis for applying equitable tolling."  Id.  Accordingly, unless Petitioner's counsels' performance was so deficient and prejudicial that it violated his Sixth Amendment rights, said performance does not justify equitable tolling of the statute of limitations.

Aside from Petitioner's self-serving assertions, Petitioner presents no evidence that his trial counsel or appellate counsel's conduct was sufficiently egregious to warrant equitable tolling.  In denying Petitioner's ineffective assistance of appellate counsel's claims the state court determined that there was no merit to any of the arguments Petitioner alleged his appellate counsel should have raised.

Petitioner contends that he diligently pursued post-conviction relief, however, Petitioner did not seek any form of post-conviction relief from February of 1994 through February of 1997.  Additionally, upon the conclusion of his state action for post-conviction relief, Petitioner filed another state action rather than proceeding to a federal habeas petition. Furthermore, Petitioner has not demonstrated that there were extraordinary circumstances which prevented the timely filing of a federal habeas petition.  Many inmates of the ADOC system have been able to timely file federal habeas actions notwithstanding the hindrances to legal research experienced by state prisoners.

**III Conclusion**

The section 2254 petition was not filed within the statute of limitations specified by the AEDPA.  Petitioner has not offered the Court a basis for the equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Ruelas' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

-10-

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.   Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 31st day of January, 2011.

_____
Mark E. Aspey
United States Magistrate Judge