**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John R. Ruelas, | No. CV 10-2058-PHX-JAT |
| Petitioner, | **ORDER** |
| vs. | |
| Charles Ryan; et al., | |
| Respondents. | |

Pending before the Court is Petitioner's petition for writ of habeas corpus. Doc. 1, and Supplement, Doc. 3. This case was referred to a Magistrate Judge who issued a Report and Recommendation (Doc. 16) recommending that this Court find that the Petition in this case is barred by the statute of limitations.

In reviewing a Report and Recommendation (R&R), this Court must conduct a de novo review of any portion of the R&R to which either party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). Because Petitioner has objected to the recommendation that this Court find his Petition is barred by the statute of limitations, the Court will review the Petition de novo.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations from when a conviction becomes final for a defendant to file a habeas petition. 28 U.S.C. § 2244(d). For defendants whose convictions became final before the effective date of the statute, they have one year from April 24, 1996, to file their petitions.

*See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

In this case, Petitioner's conviction because final in 1994. *See* Doc. 3-1 at 26 (the Arizona Court of Appeals decision affirming Petitioner's conviction was filed February 28, 1994). Petitioner in this case filed his habeas petition in 2010. Thus, the Petition is beyond the one year statute of limitations unless Petitioner can show he is entitled to statutory and/or equitable tolling.

Statutory tolling is available any time Petitioner has a properly filed application for state post conviction relief pending in state court. R&R at 5 (collecting cases). In this case, between April 24, 1996 and April 24, 1997, Petitioner did not have any requests for relief pending with the state court. Thus, applying statutory tolling, the Petition in this case is still untimely.

In his objections, Petitioner disputes this conclusion. Doc. 19 at 15-16. Petitioner argues that because he was convicted under the pre-1993 version of the Arizona post conviction relief rules, his state conviction did not became "final" until he completed his post conviction relief petition under the post-1993 version of the rules. *Id.*[1] Indeed, although under Arizona's current post convictions relief rules (*see* Ariz. R. Crim. Pro. 32.4(a)) a notice of post conviction relief is due 90 days after a defendant's direct appeal become final, in Petitioner's case, the state court found Petitioner's February 2007 post conviction relief notice to be timely because Petitioner had been convicted under the prior version of the state post conviction relief rules, and the 2007 notice was Petitioner's first request for post conviction relief. Doc. 12-1 at 75.

In sum, Petitioner argues that for all Arizona defendants convicted under the pre-1993 version of the Arizona post conviction relief rules, the federal statute of limitations never begins to run until a petitioner chooses to file a notice of post conviction relief in state court. Doc. 19 at 15-16. Particularly, Petitioner makes this argument for ineffective assistance of

---

[1] *See Summers v. Schriro*, 481 F.3d 710, 715 (9th Cir. 2007) for a summary of some of the 1992 amendments.

counsel claims because Petitioner argues that the post conviction relief process is his only opportunity to exhaust those claims. *Id.*

While Petitioner has correctly recounted the law in Arizona, the Court disagrees that Arizona's leniency in allowing Petitioner to file a notice of post conviction relief approximately 15 years after his conviction became final tolled the Federal statute of limitations. Specifically, the time between when a defendant's conviction becomes final on direct appeal, and when the defendant timely files his notice of post conviction relief in Arizona, is counted against the AEDPA's statute of limitations. *See Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054, 1055 (9th Cir. 2004) ("The AEDPA statue of limitations was undeniably running for the 77-day period after [Petitioner's] conviction became final and before [Petitioner] filed his 'Notice of Post Conviction Relief' in state court, ... ."). Therefore, Petitioner is not entitled to statutory tolling from 1996 (when AEDPA was enacted) to 2007 (when he filed his Notice of Post Conviction Relief).[2]

Equitable tolling is available when a petitioner has been pursing his rights diligently and some extraordinary circumstance stood in his way to prevent timely filing. R&R at 6-9. Here, again, Petitioner's conviction became final in 1994. Petitioner took no action on his case until 2007 when he filed a state court post conviction relief petition. This Court agrees with the R&R that Petitioner has presented no evidence that an extraordinary circumstance stood in his way from 1997 (when the statute of limitations expired) to 2007 (when Petitioner took any action on his case). *See also* R&R at 9. Accordingly, having considered equitable tolling, the Court continues to find the Petition in this case is untimely.[3]

---

[2] Because Petitioner went to trial in his case, *Summers*, 481 F.3d 710, is inapplicable.

[3] The Court notes the R&R relies on *Lee v. Lampert*, 610 F.3d 1125, 1136 (9th Cir. 2010) to conclude that there is no actual innocence gateway around the AEDPA's statute of limitations. After the R&R was filed, the Court of Appeals voted to rehear *Lee* en banc; thus, the panel decision can no longer be cited. However, in this case, none of Petitioner's claims in his Petition are based on actual innocence. *See* R&R at 4 (Petitioner argues: ineffective assistance of counsel, due process violations by the state court's denial of an evidentiary hearing, denial of his right to trial by jury for sentencing purposes and double punishment).

1 | Thus, because the Petition is barred by the statute of limitations,

2 | **IT IS ORDERED** that the Report and Recommendation (Doc. 16) is accepted and adopted; Petitioner's objections (Doc. 19) are overruled, the Petition is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's motion for a certificate of appealability (Doc. 20) is denied because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 26th day of July, 2011.

James A. Teilborg
United States District Judge

---

As a result, this Court need not decide whether an actual innocence gateway around the statute of limitations would be available to Petitioner.